In re Bob L. TURNER, Debtor.

Thomas Hal CLARKE, Plaintiff,

v.

Bob L. TURNER, Defendant.

Bankruptcy No. 81–01307A.
Adv. 81–0842A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 14, 1982.

Paul H. Anderson, Jr., Mitchell, Clarke, Pate, Anderson & Wimberly, Atlanta, Ga., for plaintiff.

Max D. Kaley, Marietta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the plaintiff's Complaint to determine dischargeability of debt. The plaintiff alleges that the debt which is the subject of this Order is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). The facts in the instant case as stipulated to by the parties in a Pre-trial Order filed with this Court on September 3, 1981, and as found at the trial held on March 4, 1982, are as follows:

In November, 1972, title to certain real property was conveyed from Piedmont Homes, Inc. ("Piedmont") to Santell Homes, Inc. ("Santell"). At the time of this conveyance, the defendant was president and sole shareholder of both corporations. On November 20, 1972, the defendant, for Santell, obtained a $32,200.00 construction loan for the property from the Bank of Smyrna, to which the corporation gave its security deed. On January 29, 1974, for Santell, the defendant obtained a second loan from Fulton Exchange Bank (now Fulton County Bank) secured by the subject property and other lots in the same subdivision. The principal amount of the loan which was secured by said properties was approximately $221,000.00. During calendar year 1974, the defendant's corporations had forty-lot and eighty-lot projects under various stages of development. On April 22, 1974, on behalf of Santell, the defendant sold the subject property to Beverly A. and Thomas F. Gogarty, who obtained a mortgage from Atlanta Federal Savings & Loan Association ("Atlanta Federal"). At the time of the April 22, 1974 closing, the title examiner found only the original construction loan from the Bank of Smyrna, and not the January 19, 1974 loan from Fulton Exchange Bank. This second loan was secured by a deed to secure debt, which was a matter of record at the time of closing. Consequently, the defendant, through Santell, received funds at closing representing the balance due on the Fulton Exchange Bank loan. When Atlanta Federal became aware of the outstanding lien against the property, Thomas Hal Clarke, as the attorney responsible for the title search done on the property, paid $7,150.00 to satisfy the outstanding security interest. On April 1, 1976, Bob L. Turner, individually, and as president of Santell, executed a promissory note to Thomas Hal Clarke in the amount of $7,150.00. On September 9, 1980, the plaintiff reduced said debt with interest, attorney's fees, and costs thereon to judgment in the amount of $10,468.75. A Writ of Fieri Facias was filed in the State Court of Cobb County, Georgia, on February 11, 1981. On March 26, 1981, Mr. Turner filed his petition under Chapter 7 of the Bankruptcy Code and on May 11, 1981 the above-styled adversary proceeding was filed.

11 U.S.C. § 523(a)(2) excepts from discharge under § 727 any debt

"for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor cause to be made or published with intent to deceive."

The words "false pretenses" and "false representations" have been defined by case law to be those acts which actually involve "moral turpitude or intentional wrong; fraud implied in law which may exist without any indication of bad faith or immorality, is insufficient." See 3 *Collier on Bankruptcy* ¶¶ 523.08[4]; 523.08[5], pp. 523–39, 47 (15th ed.). Section 523(a)(2)(B) also requires "intent to deceive."

In the instant case, the plaintiff has failed to show that the defendant acted with the requisite intent to deceive. The evidence adduced at trial has shown that the debtor at the time of the transaction at issue was in the business of building and selling homes. As properties were sold out of tracts of land, the debtor relied on the ability of the closing attorney to properly conduct a title search and pay any encumbrances on the property out of the proceeds of the sale of that property. The case of *In re Mathis*, B76–14G, C79–2293A (N.D.Ga., June 24, 1980) which the plaintiff cites in support of his argument that the debt at issue should be declared to be nondischargeable, is distinguishable from the instant case in that in *Mathis* there was no indication that the debtor was in the real estate developing business, while the debtor in the case *sub judice* had 120 lots under various stages of development in 1974. It is not inconceivable that the debtor would overlook a second security deed on one or even several of these lots.

For the above-stated reasons, the Court finds that the plaintiff has not carried his burden of establishing by a preponderance of the evidence the scienter requirement of 11 U.S.C. § 523(a)(2)(A) and (B), and thus this Court declares that the debtor's obligation to the plaintiff is dischargeable.

IT IS SO ORDERED.